ADOLPH C. HOTTENROTH, Respondent, v. ROBERT K. MICKEY
and GENERAL AERONAUTIC COMPANY, Appellants.

Second Department, June 27, 1917.

**Fraud — action for fraudulent misrepresentations inducing transfer
of notes and stock — evidence — oral testimony to establish
inducements leading up to agreement in writing.**

Action to recover damages for alleged fraudulent misrepresentations inducing
plaintiff to deliver to defendant certain notes and stock.

*Held,* that a verdict in favor of the plaintiff is against the weight of the
evidence.

Oral testimony to show outside inducements leading up to an agreement
in writing are subject to the infirmity that, in proportion to their relative
importance, it is unlikely that matters of real moment would be suffered
to remain in parol, especially where the beneficiary of such promises is
an experienced attorney-at-law.

APPEAL by the defendants, Robert K. Mickey and another,
from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Nassau
on the 16th day of November, 1916, upon the verdict of a
jury, and also from an order entered in said clerk's office
on the 8th day of December, 1916, denying defendants'
motion for a new trial made upon the minutes.

Action to recover damages for alleged false and fraudulent
misrepresentations by means of which plaintiff was induced to
deliver to defendant certain notes and corporate stock.

*Charles Hobby Bassford* [*Louis F. Reed* with him on the
brief], for the appellants.

*Louis O. Van Doren* [*Herrick McClenthen* with him on the
brief], for the respondent.

*S. P. Henshaw,* for trustee in bankruptcy of General
Aeronautic Company.

PER CURIAM:

On the disputed issue as to the preparation of the letter
of January seventeenth (Exhibit B) and of January twenty-
seventh (Exhibit C), it must be held that the plaintiff did

join in dictating them. This leaves an important stock transaction carefully discussed, considered and formulated without putting down any of the promises and representations which plaintiff says were the moving inducements, and, if made, were of vital importance to him. Afterwards plaintiff sought to recapitulate such representations claimed to have been made in former conversations by the letter Exhibit D. Mr. Mickey's letter in reply (Exhibit E) was an instant denial and repudiation of all such alleged conditions or promises, with a request that plaintiff answer whether his interest could only be taken on the written terms of defendant's earlier letter and plaintiff's acceptance. Plaintiff then consummated the exchange, reaffirming his prior acceptance, saying: " My answer was and is unequivocably yes; my acceptance stands, and so do your promises and representations on which it was based." In this exchange of letters the representations thus attributed to Mr. Mickey are rejected at the first statement of their terms. Oral testimony to show outside inducements leading up to an agreement in writing are subject to the infirmity that in proportion to their relative importance it is unlikely that matters of real moment would be suffered to remain in parol. Especially does this consideration weigh where the beneficiary of such promises is an experienced attorney at law. In addition to the natural tendency to exaggerate and heighten verbal statements coming from a biased memory, we must regard the quick written denials made at the time. A verdict, as this was, necessarily based on such doubtful testimony, must be held to be against the decided weight of the evidence.

The judgment and order should, therefore, be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., THOMAS, STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.